➧ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

v.

__MARK TAYLOR LEWIS__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 26-7

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841__.
  ☐ under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

  (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*  *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 26-7

UNITED STATES OF AMERICA,

Vs.

MARK TAYLOR LEWIS.

ADDENDUM TO
DETENTION ORDER

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine base, more commonly known as crack cocaine.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The defendant was using a dwelling house in Macon County, NC for a period of six to eight months which was used for the purpose of distributing cocaine base. The defendant also participated in money laundering activities with the proceeds of the sale of the controlled substance.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, that being his father. The defendant is self-employed as a master mason, he has some financial resources, and a period of residence in Macon County, NC but has resided in Florida for eleven years and South Carolina for six years before relocating to Western North Carolina. The defendant's history relating to drug or alcohol abuse shows that the defendant began using cocaine at age 19 and his last use was on February 5, 2008. The defendant has completed a 28 day substance abuse treatment program at the Wilmington Treatment Center in Wilmington, NC in February 2008 and he has continued with outpatient substance abuse therapy at Smoky Mountain Mental Health. The defendant has been very active in regard to his treatment program as was evidenced by the testimony of the program manager and the defendant's sponsor. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Felony maintaining a vehicle or dwelling place for the purpose of keeping a controlled substance | 01/16/08 |
| Felony possession with intent to manufacture, sell and deliver cocaine | 01/16/08 |

*the defendant was placed on probation. On June 5, 2008 a probation violation was considered as a result of the defendant's failure to provide a DNA sample. The defendant was continued on electronic house arrest for an additional three months.

| | |
|---|---|
| Felony possess with intent to manufacture, sell and deliver cocaine | 01/16/08 |

*the defendant was placed on probation. On June 5, 2008 a probation violation was considered as a result of the defendant's failure to provide a DNA sample. The defendant was continued on electronic house arrest for an additional three months.

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Driving while license suspended, FL | 10/05/00 |
| Worthless check | 05/01/08 |

The defendant's record concerning appearance at court appearances shows that the defendant has appeared in court as he has been scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was placed on supervised probation for three felony convictions on January 16, 2008 for a period of 30 months.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Due to the nature of the charges against the defendant there is a presumption created by statute that the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttable by the defendant. The defendant has presented substantial testimony from his program manager at Smokey Mountain Mental Health and his NA sponsor that the defendant has been in active treatment since February 2008 and he has been compliant with all treatment and has never tested positive for any consumption of a controlled substance thereafter. On the other hand, the defendant had a home which he was using for the purpose of selling crack cocaine. During the period of time he was on probation, he violated his probation on June 5, 2008 for failure to provide a DNA sample. After weighing all the evidence, the undersigned does find by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

In regard to the risk of flight of the defendant, the defendant has resided in various states but the undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part and the undersigned finds that the evidence presented by the defendant has rebutted the presumption of detention in that regard.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 24, 2009

Dennis L. Howell
United States Magistrate Judge