# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR26

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| MARK TAYLOR LEWIS ) | |

**THIS MATTER** is before the Court on Defendant's motion for review of a detention order entered by the Magistrate Judge. For the reasons set forth below, the detention order is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

Defendant is charged with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 18 U.S.C. §§ 846 and 841(a)(1); the use of a communication facility in the commission of the drug offense charged in Count One, in violation of 21 U.S.C. § 843(b); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). **Bill of Indictment, filed April 7, 2009.**

Defendant pled not guilty at his arraignment and requested a jury trial that is scheduled to commence the week of July 6, 2009. Following arraignment, the Government moved for detention pending trial. A detention hearing was held where the Government called Special Agent Brinzell of the Drug Enforcement Administration to testify, and the indictment and pretrial services report were admitted into evidence without Defendant's objection.[1] The Special Agent testified that Defendant's involvement with the charged conspiracy began in 2007. As part of the conspiracy, Defendant sent money obtained through proceeds of drug transactions through a money remitter service. The agent's investigation also revealed that Defendant helped to maintain a house where large quantities of the crack cocaine were stored and then later sold.

The pretrial services report details a long history of convictions in Florida and North Carolina, the most recent of which occurred in North Carolina on January 16, 2008, in Macon County Superior Court. The convictions included, but were not limited to, felony possession with intent to manufacture, sell, and deliver cocaine; and two counts of felony

---

[1] The Court listened to the FTR electronic recording of the detention hearing.

possession with intent to sell and deliver methamphetamine. Defendant was placed on electronic monitoring and later convicted on June 5, 2008, of a felony probation violation and his probation was extended three additional months. **Pretrial Services Report, at 4**.

Defendant called two witnesses to testify on his behalf: a substance abuse counselor from Smoky Mountain Mental Health, and his Narcotics Anonymous ("NA") sponsor. Defendant began using cocaine at age 19 and his last known use was on February 5, 2008. *Id.* **at 2**. The testimony shows that Defendant participated in an intensive drug treatment program that included three hour meetings occurring three times weekly. The program began roughly 18 months ago and Defendant submitted to weekly drug screens and all screens were negative. Defendant completed the program six months ago and continues to participate in at least one weekly meeting. Defendant's NA Sponsor, Craig Coltart, has served as his sponsor for nearly a year and testified that he and Defendant regularly attend NA meetings together and meet several times a month to discuss ongoing sobriety. Coltart described Defendant's attitude in treatment as honest and open. Defendant has maintained self-employment as a master mason and around the time of the detention hearing Defendant was

scheduled to begin work on a project in Macon County. *Id.* Defendant's state probation officer reported that Defendant had been compliant while on probation. *Id*. at 4.

The Magistrate Judge noted that Defendant is charged with a crime creating a rebuttable presumption of detainment under 18 U.S.C. § 3142(3)(A) (offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act). After reviewing the evidence, the Magistrate Judge found that Defendant had not met his burden of rebutting this presumption of detention and ordered Defendant detained pending trial.  See **Order of Detention Pending Trial, filed April 24, 2009.**

## II.   STANDARD OF REVIEW

Title 18 U.S.C. § 3145(b), which governs review and appeal of detention orders, provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In acting on such a motion, the Court reviews the Magistrate Judge's order *de novo*. **United States v. Stewart, 19 F. App'x 46, 47 (4th**

**Cir. 2001)**. Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release." *Id.*

Title 18 U.S.C. § 3142 provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. **18 U.S.C. § 3142(e)**. There is a rebuttable presumption of detention when an offense is charged "for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act. **18 U.S.C. § 3142(e)(3)**.[2] The Court must consider

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct,

---

[2] There is no dispute that such an offense is charged in this case.

      history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

      (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g).**

### III.  ANALYSIS

The Court notes that Defendant does not object to any of the evidence presented by the Government at the detention hearing nor to any of the extensive oral or written findings entered by the Magistrate Judge. ***See* Appeal of Bond for Review by District Court Judge, filed April 29, 2009.**  Defendant contends that he should be released on bond "so that he may continue with substance abuse treatment and be allowed attend Narcotics Anonymous meetings." ***Id.* at 1.**

The Court has conducted an independent review of the FTR recording of the detention hearing; the Order of Detention; the indictment; the pretrial services report; and considered the arguments of counsel.

Based on this review, the Court concludes that the Magistrate Judge carefully considered each factor set forth in § 3142(g) on the record at the detention hearing and in his Order of Detention in light of the evidence and arguments presented during the detention hearing. Defendant has not assigned error to any of the Magistrate Judge's findings and this Court's examination of the evidence reveals no error. The undersigned concludes that Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm Defendant's detention pending trial.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for review of the detention order is **GRANTED,** and the Magistrate Judge's Order of Detention is hereby **AFFIRMED.**

Signed: May 12, 2009

Lacy H. Thornburg
United States District Judge