# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 26-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MARK TAYLOR LEWIS. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant's attorney entitled "Motion to Appoint Substitute Counsel" (#218). Dennis Gibson, counsel for the defendant, filed this Motion requesting permission to withdraw as counsel for the defendant. In the Motion, Mr. Gibson states, "On September 9, 2009, the undersigned received a letter from the defendant requesting new counsel." Upon the call of the matter, the defendant was present and his attorney, Mr. Gibson, was present. The government was represented by Assistant United States Attorney Tom Ascik. From the statements of Mr. Gibson, the statements of the defendant, and further, statements the defendant made to the undersigned in a sealed proceeding, which took place in the absence of the Assistant United States Attorney, the court makes the following findings:

Findings: In the Bill of Indictment that was filed on April 7, 2009, the defendant was charged with entering into a conspiracy to possess with intent to distribute a quantity of cocaine base; with using a communication facility to facilitate

such crime; and in a third count, the defendant was charged with money laundering in violation of 18 USC § 1956(a)(1)(B)(1). The defendant requested that counsel be appointed for him and that motion was allowed. On July 1, 2009, the defendant entered a plea of guilty to entering into a conspiracy to possess with intent to distribute a quantity of cocaine base, that being Count One as contained in the Bill of Indictment (#204). On June 2, 2009, a letter had been sent by the defendant to the undersigned requesting that new counsel be appointed for the defendant (#185). At the hearing on the defendant's request for new counsel, the defendant advised that he wished to withdraw his request for new counsel and stated that he was happy with the representation of his court-appointed attorney, Dennis Gibson (#213).

At the hearing of this matter, the undersigned made an initial determination that in hearing the motion of Mr. Gibson to withdraw that disclosures of confidential communications between the defendant and Mr. Gibson might be made and granted without objection a motion by Mr. Gibson that proceedings in this matter be sealed to protect the defendant from such disclosures. The undersigned conducted an inquiry with the defendant and Mr. Gibson, as shall appear in the sealed record.

Upon inquiry, the court found that the pre-sentence report had not been filed in this matter.

Discussion: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good

cause. U.S. v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) an inquiry as to the reasons why the defendant does not wish for Mr. Gibson to represent him further; and (3) whether or not there is a such a conflict between the defendant and Mr. Gibson that is so great that it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The pre-sentence report in this matter has not been prepared, and therefore, the court has considered that factor in favor of granting the motion. Further, it appears that the defendant may desire to file a motion requesting to withdraw his plea of guilty and would need sufficient time for such motion. This factor must be weighed in favor of granting the motion.

The undersigned made an inquiry as to the reasons for the conflict between the defendant and his attorney and did so in a closed session. After hearing from the defendant and Mr. Gibson, and further considering the previous motion filed by the defendant requesting substitution of counsel, that the defendant has very strong opinions concerning his relationship with Mr. Gibson and strenuously desires that

another attorney be appointed. The undersigned is of the opinion that Mr. Gibson has been preforming his job in good fashion in representing the defendant, but the defendant is of an adverse opinion. The court weighs this great degree of conflict in favor of allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between Mr. Gibson and the defendant that there is a total lack of communication between them preventing an adequate defense. At this time, it appears that such a conflict does exist. Mr. Gibson is an excellent attorney who works diligently on behalf of his clients; however, the defendant is of the opinion that Mr. Gibson has not been representing him effectively and has indicated that he may desire to withdraw his plea of guilty.

After considering all the factors, is appears that the motion to withdraw is timely, that as a result of the inquiry made by the undersigned it appears that the defendant's opinions are so strong that there is reason for the appointment of another attorney, and it further appears there is a lack of communication between Mr. Gibson and the defendant that would prevent an adequate defense. This lack of communication is not on the part of Mr. Gibson but on the part of the defendant.

Based upon the foregoing, the undersigned is has determined to enter an order allowing the "Motion to Substitute Counsel"(#218).

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion of Dennis Gibson entitled "Motion to Appoint Substitute Counsel" (#218) is hereby **ALLOWED.** It is ordered that the Federal Defender shall appoint a substitute attorney to represent the defendant in this matter, and that Mr. Gibson is to provide all documents and copies of his file to the new attorney who is to represent the defendant. It is further ordered that should the defendant desire to file a motion to withdraw his plea of guilty in this matter, that such motion and any supporting brief shall be filed by **October 16, 2009.**

**THIS,** the 28th day of September, 2009.

Signed: September 28, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge